## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

ERIC HERNANDEZ, on behalf of
himself and others similarly
situated,

    Plaintiff,

          CASE NO.:

vs.

ALPH OMEGA PROPERTY
MANAGEMENT, LLC.,

    Defendant.

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, ERIC HERNANDEZ ("Plaintiff"), on behalf of himself and
others similarly situated, through undersigned counsel, files this Complaint
against Defendant, ALPH OMEGA PROPERTY MANAGEMENT, LLC
("Defendant") and states as follows:

### JURISDICTION

1. Jurisdiction in this Court is proper as the claims are brought
pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C.
§201, et seq., to recover unpaid back wages, an additional equal amount as
liquidated damages, and reasonable attorneys' fees and costs.

2.     The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

## PARTIES

3.     At all times material to this action, Plaintiff was a resident of Whitfield County, Georgia.

4.     At all times material to this action, Defendant, ALPH OMEGA PROPERTY MANAGEMENT, LLC was, and continues to be, engaged in business in Whitfield County, Georgia.

5.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

6.     At all times material to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

7.     At all times material to this action, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

8.     Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

9.     At all times material to this action, Defendant was, and continues to be, an "enterprise engaged in commerce" and an enterprise

engaged in the "production of goods for commerce" within the meaning of the FLSA.

10. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

11. At all times material to this action, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

12. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that he:

      a. Operated instrumentalities of commerce, including traveling regularly to Tennessee to collect checks from Defendant, making bank deposits, ordering products from out of state, running customers' credit cards, and sending faxes to Arkansas as part of his regular job duties;

      b. Transported goods in commerce including traveling regularly to Tennessee to collect checks from Defendant, making bank deposits, ordering products from out of state, running customers' credit cards, and sending faxes to Arkansas as part of his regular job duties;

    c.        Used channels of commerce including traveling regularly to Tennessee to collect checks from Defendant, making bank deposits, ordering products from out of state, running customers' credit cards, and sending faxes to Arkansas as part of his regular job duties;

    d.        Communicated across state lines including traveling regularly to Tennessee to collect checks from Defendant, making bank deposits, ordering products from out of state, running customers' credit cards, and sending faxes to Arkansas as part of his regular job duties; and/or

    e.        Performed work essential to any of the preceding activities.

13.   At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

14.   On or about January 1, 2012, Plaintiff began working for Defendant as a non-exempt, hourly paid front desk clerk.

15.   Plaintiff's job duties between January 1, 2012, and December 13, 2012, included, but were not limited to, checking in guests, scheduling

reservations, traveling to Tennessee to pick up checks, ordering products, running errands to the grocery store and the bank and serving breakfast.

16.   At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

17.   From January 1, 2012, through December 13, 2012, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

18.   Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

19.   From approximately January 1, 2012, through August 2012, and in at least one (1) or more workweeks, Defendant failed to compensate Plaintiff at the applicable federal minimum wage for all hours worked in each workweek as required by the FLSA, including, but not limited, to unpaid training time and the time period from January through July, when Plaintiff was paid the minimum wage for 40 hours, but not paid at all for his hours over 40.

20.   The additional persons who may become plaintiffs in this action "worked" for Defendant, held similar positions to Plaintiff, and

either worked in excess of forty (40) hours during one or more workweeks during the relevant time periods, but did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours and/or were not paid minimum wage for all hours worked.

21.    Upon information and belief, Defendant is in possession of the majority of Plaintiff's pay and time records.

22.    Defendant has violated Title 29 U.S.C. §207 from January 1, 2012, through at least December 13, 2012, in that:

  a.    Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendant;

  b.    No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff, and similarly situated employees, at the statutory rate of one and one-half times their regular rate of pay for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

  c.    Defendant has failed to maintain proper time records as mandated by the FLSA;

23.    Defendant has violated Title 29 U.S.C. §206 from January 1, 2012, through at least August 2012, in that:

a.    They have failed to pay Plaintiff proper minimum wage for all of his hours worked for Defendant as required by the FLSA;

b.    No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff and similarly situated employees at the statutory minimum wage for each hour worked as provided by the FLSA; and

c.    Defendant has failed to maintain proper time records as mandated by the FLSA.

24.    Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful. Specifically, when Plaintiff complained in August 2012 and threatened to go to the Department of Labor, Defendant began paying him "straight time" for his overtime hours. Later, when the Department of Labor investigated Defendant and found that Plaintiff was owed back wages, Defendant did not make payment to Plaintiff.

25.    Defendant failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

26.    Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

27.    Plaintiff re-alleges paragraphs 1 through 26 of the Complaint, as if fully set forth herein.

28.    From January 1, 2012, and December 13, 2012, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

29.    Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

30.    Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when it knew, or should have known, such was, and is, due.

31.     Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

32.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff, and those similarly situated, suffered and continue to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

33.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

34.     At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and a half for their overtime hours.

35.     Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks because Defendant has failed to properly pay Plaintiff proper overtime wages at time and one-half of his regular rate of pay for such

hours, pursuant to a policy or plan equally applicable to similarly situated employees.

WHEREFORE, Plaintiff requests a judgment entered in his favor, and in favor of any individuals filing consents to join in this matter, and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II
## RECOVERY OF MINIMUM WAGES

36.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

37.    Plaintiff was entitled to be paid the applicable federal minimum wage for each hour Plaintiff worked during Plaintiff's employment with Defendant.

38.    Defendant failed to pay Plaintiff, and those similarly situated to Plaintiff, the federal minimum wage for each hour worked for Defendant.

39.    Defendant had specific knowledge that it was paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

40.    Defendant willfully failed to pay Plaintiff the applicable minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

41. Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff were not paid proper minimum wage for hours worked during their employment with Defendant, as Defendant has failed to properly pay Plaintiff proper minimum wage for all hours worked, pursuant to a policy or practice equally applicable to similarly situated employees.

42. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

43. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor, and in favor of any individuals submitting consents to join in this matter, and against Defendant for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of

right by jury.

Respectfully submitted this ___7___ day of May, 2014.

Todd K. Maziar, Esquire
GA Bar No.: 479860
MORGAN & MORGAN, P.A.
*For all correspondence:*
P.O. Box 57007
Atlanta, GA 30303
*Physical Address:*
191 Peachtree St., NE
Suite 4200
Atlanta, GA 30303
Tel: 404-965-8875
Fax: 404-720-3864
E-mail: tmaziar@forthepeople.com

Trial Counsel for Plaintiff